AKERMAN, executrix, vs. MOON, receiver, et al.

The fund in question being in the hands of the receiver, and the rank of all claims thereon having been finally fixed, and all claims of a higher dignity than that of the plaintiff in error having been paid, and there being left a balance sufficient to pay her claims, there being no other unpaid claim of equal dignity with hers, it was error for the court to refuse to order it paid, it also appearing that the land upon which she held a mortgage, when sold by the receiver, brought more than sufficient to pay off the mortgage, and that the fund raised from the sale of this land was put into the general fund and distributed according to the priorities of the various claimants.

December 12, 1888.

Equity. Distribution of assets. Receivers. Practice. Before Judge FAIN. Bartow superior court. January adjourned term, 1888.

Reported in the decision.

JOHN W. AKIN, for plaintiff.

W. K. MOORE and J. A. BAKER, for defendants.

SIMMONS, Justice.

Martha Akerman, as executrix, filed her petition, showing the following state of facts : On August 19th, 1879, Abda Johnson, now deceased, gave to her testator a mortgage on certain lots of land, which was duly recorded, to secure a debt. Johnson died, and his wife qualified as his executrix. In 1883, she filed a bill to marshal the assets of the estate, and made the petitioner and others parties thereto, all being creditors of the testator. During the progress of the cause, Moon was appointed receiver of the assets of the estate, and the executrix was enjoined from exercising ownership or retaining custody thereof. A special master in chancery was appointed to hear and report to the court all issues of law and fact involved in the pleadings in said cause. He made a report, wherein he determined the amount, character and lien of the claims of the various creditors against the estate of Johnson. He reported that, among these creditors, Mary Wyly and Savannah Moore had claims of superior dignity to all other claims against the estate, except expenses of administration, etc. Next in rank were these judgment creditors, and the mortgage creditors of said Johnson. There were several judgment creditors whose judgments were older than the mortgage of the petitioner, and others whose judgments were younger. All the judgments and liens older than hers the court ordered paid out of the fund raised by the receiver from the sale of the real and personal property belonging to the estate. The fund arising from the sale of this property had been brought into court by the receiver, and thus far applied by order of the court. The petitioner then applied to the court for an order to the receiver directing him to pay her debt, which was secured by mortgage, it being the next highest lien.

Certain creditors, who had judgments younger than her mortgage lien, demurred to her petition, and the court sustained the demurrer and dismissed the petition; to which refusal the petitioner excepted, and assigned error thereon.

We think the exception is well-taken. The court had taken charge of this whole estate, for the purpose of marshalling the assets, and paying off the debts of the estate. It had ordered its receiver to sell all this property and bring the funds into court for distribution. It had appointed a master in chancery to report to the court the dignity and priority of the liens; which had been done, and his report made the judgment of the court. The master reported, giving the names of the creditors, their liens and the date thereof, and in substance recommended that they be paid, according to section 2533 of the code. In this report he shows that this mortgage lien is older than the lien of the creditors who are now objecting to its being paid. The court had all the parties, and the date and dignity of their liens, before it, as well as the fund arising from the sale of the entire property of the estate. It ordered the receiver to pay off all the liens of higher dignity than the petitioner's, and we see no good reason why he should have stopped there. If the petitioner's lien was of higher dignity than the liens of objectors, it should have been paid out of the balance of the fund remaining after paying off the liens of higher dignity than the petitioner's. The whole fund being in court by the sale of the property under and by virtue of a decree of said court, the liens on the property were discharged therefrom, and attached to the fund in the hands of the receiver. And if there was a sufficient balance left, after paying off the older judgments, to pay the mortgage lien of the petitioner, it being older than any other lien on the fund, it should be applied to the

payment of the mortgage lien.    It will be observed that
in this opinion we treat the whole fund as being in court
at the same time.    In point of fact it may have been
brought in by the receiver at different times, but we do
not think that would make any difference.    As said be-
fore, the whole case was before the court, and all the
parties, with the dates and dignity of their claims.    The
court, knowing the dignity of the claims by the report
of its master, could order the receiver to pay the claims,
just as if the whole fund was before the court at one
time.        ‹

It also appears from the record that the two lots of
land upon which the petitioner held a mortgage, brought
more than sufficient to pay off her mortgage, and the
fund raised from the sale of this land was put into the
general fund and distributed according to the priorities
of the claim.    There being a balance unappropriated to
claims of higher dignity than the petitioner's, we think
that it should be appropriated to the payment of her
claim, hers being the next highest in rank.

Judgment reversed.